UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DANZEL MACKINS,

                                    Movant,

          -against-                                    26-cv-4669 (LAK)
                                                       [21-cr-0424 (LAK)]

UNITED STATES OF AMERICA,

                                    Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

> USDS SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: __6/23/2026__

### MEMORANDUM AND ORDER DENYING SECTION 2255 MOTION

LEWIS A. KAPLAN, *District Judge.*

On November 28, 2023, movant Danzel Mackins pleaded guilty to one count of participating in a conspiracy to distribute and possess with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C) and one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1).  On June 20, 2024, this Court sentenced him to an aggregate term of imprisonment of 360 months.

Mr. Mackins now seeks to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on the ground that his appointed counsel were ineffective throughout his case.  Specifically, Mr. Mackins claims that his appointed counsel failed to "take into account [his] lack of education and other mental/learning issues" "[d]uring the initial proceedings/hearings, through the plea agreement phase and until the completion of sentencing."[1]  Mr. Mackins alleges that at no point did he understand what was "taking place" in his case which, according to him, should be "obvious from

---

[1]    Mot. (Dkt 1) at 5.

2

the transcripts" of the proceedings.[2]  He contends that his appointed counsel gave him "substandard advice regarding [his] possible sentence exposure" and "failed to explain the plea agreement and the rights [he] would be signing away as part of said plea."[3]  He argues finally that his appellate counsel also was deficient for failing to address his ineffective assistance claim and other possible, unspecified claims associated with his plea to the Section 922(g)(1) charge.  He requests that this Court appoint him counsel to help pursue this Section 2255 motion.

The trouble with Mr. Mackins' argument is that it is entirely unsupported by the record.  At his change of plea hearing, Mr. Mackins repeatedly stated under oath that he understood the magistrate judge's questions,[4]  the charging documents,[5] the plea agreement,[6] the charges to which he was pleading guilty,[7] the maximum penalties and other possible consequences he faced,[8] and the rights he was giving up by pleading guilty.[9]  He indeed asked for clarification several times,

---

[2]     *Id.*

[3]     *Id.* at 5-6.

[4]     Nov. 28, 2023 Plea Hr'g (Dkt 129) at 5:25-6:2.

[5]     *Id.* at 6:3-12.

[6]     *Id.* at 12:1-14:13.

[7]     *Id.* at 7:5-18.

[8]     *Id.* at 7:22-9:25, 13:13-14:19.

[9]     *Id.* at 10:1-11:25, 14:20-16:7.

3

but most instances appear to have stemmed from his inability to hear the magistrate judge,[10] who apparently noted at the start of the hearing that she had lost her voice in part.[11]  Only once did Mr. Mackins appear to have trouble understanding the substance of what the magistrate judge said, and that lack of understanding promptly was rectified by appointed counsel.[12]  At sentencing, Mr. Mackins again confirmed that he understood the charges to which he pleaded guilty and his sentencing exposure.[13]

As for the quality of representation that he received, Mr. Mackins stated under oath during his change of plea hearing that he was satisfied with his attorneys' representation of him.[14] That representation notably included not only the same appointed counsel from Mr. Mackins' initial appearance through his sentencing, but also an appointed learned capital counsel for much of his case.  The transcript of the plea hearing reflects that appointed counsel clarified statements for Mr.

---

[10]
See id. at 4:24-25 ("THE COURT: Are you able to read and write in English?  THE DEFENDANT: I can't hear you."), 5:4-5 ("THE COURT: How far did you go in school? THE DEFENDANT: Huh?"), 11:20-23 ("THE COURT: Do you understand that even if you are surprised or disappointed by your sentence, you are still bound by your guilty plea? THE DEFENDANT: What did she say?").

The magistrate judge once of her own accord repeated the guidelines range applicable to Mr. Mackins. Id. at 13:5-12.

[11]
See id. at 2:13-14 ("THE COURT: . . . . I apologize to everybody for my voice.").

[12]
See id. at 17:1-6 ("THE COURT: And did you in fact commit the offenses charged in the lesser included offense in Count One and Count Four in the information.  THE DEFENDANT: She said did I do it? MS. ONAODOWAN: Yes.  THE DEFENDANT: Yes.").

[13]
June 20, 2024 Sentencing Hr'g (Dkt 164) at 32:11-16.

[14]
Nov. 28, 2023 Plea Hr'g (Dkt 129) at 6:13-15.

4

Mackins when he did not hear or understand them.  And appointed counsel ably represented Mr. Mackins at sentencing, which this Court noted on the record at the time of sentencing.[15]

Mr. Mackins' claims of ineffective assistance of counsel at the trial level and at the appellate level for failing to argue as much (or to make other, unspecified arguments) have no merit. Mr. Mackins received a lengthy sentence because, among other reasons, he committed serious crimes resulting in the death of another young man and serious injuries to many others.  The record reflects that he understood the charges and conduct to which he pleaded guilty and the possible sentence and consequences he faced as a result of that plea.  It is a record that reflects a tragic history, which Mr. Mackins unfortunately cannot rewrite.  His motion to vacate, set aside, or correct his sentence is denied.  His request to appoint counsel is denied as moot.

The Clerk of Court is directed to terminate Dkt 1 in case number 26-cv-4669 (LAK) and to terminate the action accordingly.  The Clerk is directed also to terminate Dkt 188 in case number 21-cr-0424 (LAK).  The Clerk finally is directed to mail a copy of this memorandum and order to Mr. Mackins.

SO ORDERED.

Dated:         June 23, 2026

_____
Lewis A. Kaplan
United States District Judge

---

[15] June 20, 2024 Sentencing Hr'g (Dkt 164) at 49:23-50:1.